## LOWDEN et al. v. ALFALFA COUNTY EXCISE BOARD.

No. 28394.    May 3, 1938.

W. R. Bleakmore, W. L. Farmer, John Barry, and Robert E. Lee, for plaintiffs in error.

O. M. Ginder, County Atty., Mac Q. Williamson, Atty. Gen., and J. Harry Johnson, Asst. Atty. Gen., for defendant in error.

WELCH, J.    Protestants have appealed from the judgment of the Court of Tax Review in this cause involving the two-mill levy for county highway fund for the fiscal year 1937-38 of Alfalfa county.

It is asserted that no levy is required to finance the appropriations because of the fact that it is estimated by the Oklahoma Tax Commission that the county will receive funds, under the provisions of article 7, chapter 50, and article 9, chapter 66, S. L. 1937, which, together with other es-

608

timated income from sources other than ad valorem taxes, will be sufficient to finance such appropriations.

It is agreed that the county commissioners and the excise board estimated receipts from sources other than ad valorem taxes in an amount equal to such receipts for the immediately preceding fiscal year.

Section 12678, O. S. 1931, which is the general statutory authority for using anticipated receipts from sources other than ad valorem taxes for purposes of financing appropriations, very plainly restricts such use to amounts not exceeding receipts from such sources for the immediately preceding fiscal year, and the same has b∘en so construed in Re Bliss, 142 Okla. 1, 285 P. 73; Empire Pipe Line Co. v. Excise Board of Carter County, 164 Okla. 126, 23 P.2d 189.

There is nothing contained in article 7, chapter 50, or article 9, chapter 66, S. L. 1937, which directly or by implication amends, repeals, or affects the existing law limiting the estimates of such income for such purposes. The 1937 acts are in no wise repugnant to, or contradictory of, section 12678, supra, and the limitations contained in section 12678, supra, control in all cases relating to estimating such anticipated income unless otherwise provided by law.

We agree with the assertion that where the income and revenue from sources other than ad valorem taxation equals or exceeds the sum of the appropriations, a levy therefor is unauthorized, and that no addition need be made to the apppropriations for delinquent taxes as decided in El Reno Wholesale Grocery Co. v. Taylor, County Treas., 87 Okla. 140, 209 P. 749, and other cited cases, but we are unable to discern that the question here is thereby affected.

We also observe that, according to the estimates of the Oklahoma Tax Commission, the county here will likely receive for highway purposes from sources other than ad valorem taxes a greater amount than it received for such purposes during the immediately preceding fiscal year, due to the creation of additional sources of revenue by the 1937 legislative acts above cited. Such is frequently the case when additional sources of revenue are created and where change in circumstances results in increasing revenue. Such conditions, however, cannot of themselves, and without intent on the part of the Legislature, operate to change the provisions of section 12678, supra.

The judgment of the Court of Tax Review is affirmed.

BAYLESS, V. C. J., and RILEY, PHELPS, CORN, and HURST, JJ., concur. GIBSON, J., dissents. OSBORN, C. J., and DAVISON, J., absent.